# FISKE v. COMMISSIONERS OF THE DISTRICT OF COLUMBIA.

APPEAL AND ERROR; MOTION TO DISMISS.

Where, on an appeal by two jail prisoners from an order of the supreme court of the District of Columbia, made in response to a request of the commissioners of the District, certifying its assent to the previous removal of 100 prisoners, including the appellants, from the jail in this District to the workhouse which had been established at Occoquan, Virginia, it appeared that, pending the appeal, the term for which one of the appellants was sentenced had expired, and he had been discharged, and the other appellant had applied for and obtained a writ of error from the Supreme Court of the United States to review the action of a Virginia court which had discharged a writ of habeas corpus obtained by him,—a motion to dismiss the appeal was granted on the ground that as to the appellant whose sentence had expired there was nothing before the court, while as to the other, the questions raised by him on the appeal were pending, by his own action, in the supreme court.

No. 2339.   Submitted December 4, 1911.   Decided January 2, 1912.

HEARING on an appeal by certain jail prisoners from an order of the Supreme Court of the District of Columbia, certifying its assent to the previous removal of jail prisoners from the jail to the workhouse.    *Appeal dismissed.*

The facts are stated in the opinion.

*Mr. Matthew E. O'Brien* for the appellants.

*Mr. Edward H. Thomas,* Corporation Counsel, for the appellees.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

By authority of certain acts of Congress, the first approved

May 26, 1908, and the last March 2, 1911 (see 35 Stat. at L. 303, chap. 198; 35 Stat. at L. 717, chap. 250; 36 Stat. at L. 122, chap. 7; 36 Stat. at L. 464, chap. 282; 36 Stat. at L. 1002, chap. 192), a workhouse was established at Occoquan, in the state of Virginia, for the uses of the District of Columbia. The jail of the District to which prisoners were committed for petty offenses, and those prisoners, were partly under the control of the supreme court of the District, the warden of the jail, appointed by said court, and the Attorney General.

The court was empowered to make rules and regulations for the government and discipline of the prisoners, and for their protection; the warden was intrusted with the execution thereof, and the necessary money for the subsistence of the prisoners was to be allowed and paid by the Attorney General. The appropriation bill, approved June 25, 1910, appropriated money for the removal of prisoners from the District to the workhouse in Virginia. It authorized the District commissioners to appoint the superintendent, and provided that the supreme court of the District, the Attorney General, and the warden, when so requested by the commissioners, shall deliver into the custody of said superintendent, prisoners serving sentences in said jail for offenses against the common law, or the statutes or ordinances relating to the District, and, in the discretion of the court and Attorney General, for certain other offenses. And the commissioners were vested with jurisdiction over said prisoners from the time of delivery. (36 Stat. at L. 785, chap. 385.) The appropriation act approved March 2, 1911 (36 Stat. at L. 1002, chap. 192), repealed the former provisions, and provided, among other things, that on direction of the commissioners, prisoners then in the jail shall be delivered into the custody of the said superintendent; that all the authority, duties, discretion, and powers now vested in the Attorney General relating to the support of said prisoners are vested in the commissioners of the District; that the Washington asylum and the District jail shall be combined as one institution; that the position of warden of the jail and the superintendent of the asylum are abolished, and their powers and

duties vested in the superintendent heretofore provided for; that all powers and duties now vested in the supreme court of the District, in relation to the appointment and removal of the warden of the jail, and the making of rules for the government and discipline of prisoners in jail, are transferred to and vested in the District commissioners. These final provisions did not become effective before July 1, 1911.

It appears by a communication made by the commissioners to the supreme court of the District on July 5, 1911, that they had on March 25, 1911, directed the superintendent of the workhouse to present a request to the court, the Attorney General, and the warden of the jail, for the transfer of 100 prisoners from the said jail to the said superintendent, to be delivered upon his order, "thirty at a time." That said superintendent presented said request to the warden, and received from him a number of prisoners, including the appellants Fiske and Alexander, who were taken to Occoquan. On October 31, 1910, Fiske had been sentenced to jail for one year. Alexander had been sentenced, on March 28, 1911, to confinement in jail for 364 days. The communication represented that on May 31, 1911, Fiske and Alexander had obtained a writ of habeas corpus from the United States district court for the eastern district of Virginia, and that in said proceedings it was proper to show the assent of the supreme court of the District to said removal. The court was asked to certify that the said prisoners have been transferred for the purposes named in the law. On July 5, 1911, the supreme court, in special term, certified its assent to the removal of said 100 prisoners, including Fiske and Alexander. Counsel, on behalf of Fiske and Alexander, excepted to the entry of said order and have appealed therefrom. The corporation counsel, on behalf of the commissioners has moved to dismiss the appeal, because the order is not appealable. It is admitted that Fiske has been discharged, his sentence having expired October 31, 1911. It is further admitted that the writ of habeas corpus as to Alexander was discharged by the court for the eastern district of Virginia, and the prisoner remanded to custody; and further that he has a writ of error

D. C.]                          Syllabus.

from the Supreme Court of the United States to review that order, now depending in said court. If the law directing the removal of the prisoners be unconstitutional, as contended, it would seem that the proper way to test the question is by the habeas corpus proceeding.

It is clear that as to Fiske there is nothing before the court on this appeal. Without deciding whether the order certifying assent to the removal of the prisoners, that had already been accomplished, is one from which an appeal will lie to this court, or that Alexander can be affected or aggrieved thereby, we are of the opinion that the question now presented as to the constitutionality of the statutes, and the right to remove him, is depending, by his own action, in the Supreme Court of the United States, and that this court has no jurisdiction in the premises for that reason.

We must therefore dismiss the appeal, with costs.

                                              *Dismissed.*